**AFFIRM; Opinion issued February 27, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

————————————————————

No. 05-11-00858-CR
No. 05-11-00919-CR
No. 05-11-00920-CR

————————————————————

## EDWARD ERIK GALVAN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

════════════════════════════════════════════════════════

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F07-73323-M, F10-56619-M, and F10-56620-M**

════════════════════════════════════════════════════════

## MEMORANDUM OPINION

Before Justices Bridges, O'Neill, and Murphy
Opinion By Justice Bridges

Appellant Edward Erik Galvan appeals from his adjudication of guilt for aggravated robbery (Trial Court Cause No. F07-73323-M) and his resulting punishment of 10 years' imprisonment. Appellant also appeals his convictions for possession with intent to deliver a controlled substance of 4 grams or more but less than 200 grams (Trial Court Cause Nos. F10-56619-M and F10-56620-M) and accompanying sentences of 15 years' imprisonment and a $5,000 fine for each conviction. We affirm.

**Anders Brief**

On appeal, appellant's attorney filed a brief in which he concludes the appeal from the

adjudication of guilt for aggravated robbery is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). The brief presents a professional evaluation of the record showing why, in effect, there are no arguable grounds to advance. *See High v. State*, 573 S.W.2d 807, 811 (Tex. Crim. App. [Panel Op.] 1978). Counsel delivered a copy of the brief to appellant. We advised appellant of his right to file a pro se response, and appellant filed a motion to extend time to file his pro se response three times. We granted appellant's motion for extension each time, the last time ordering the response to be filed by July 31, 2012 and notifying appellant no further extensions would be granted and that if no response was filed, the appeal would be submitted on the *Anders* brief alone. Appellant did not file a response.

We have reviewed the record and counsel's brief. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases). We agree the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal. Therefore, we affirm the judgment of the trial court.

**Ineffective Assistance of Counsel**

With regard to his two convictions for possession with intent to deliver a controlled substance of 4 grams or more but less than 200 grams, appellant raises a single issue on appeal: the ineffectiveness of trial counsel created reversible error. Specifically, appellant complains he received ineffective assistance when his trial counsel failed to file a plea to the jurisdiction, depriving appellant of his right to complain on appeal that no transfer order appeared in the record.[1]

---

[1] The record reflects the indictments originated from the Criminal District Court 2 of Dallas County, whereas the judgments and sentences were rendered by the 194th Judicial District Court of Dallas County.

A claim of ineffective assistance of counsel is reviewed under the *Strickland* test. *Hernandez v. State*, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). In determining whether counsel rendered ineffective assistance, an appellate court considers two factors: (1) whether counsel's performance fell below an objective standard of reasonableness and (2) whether, but for counsel's deficient performance, the result of the proceeding would have been different. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex Crim. App. 1999). Appellant bears the burden of proving his counsel was ineffective by a preponderance of the evidence. *Id*. at 813.

There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002); *Thompson*, 9 S.W.3d at 813. To defeat this presumption, appellant must prove that there was no plausible professional reason for a specific act or omission. *Bone*, 77 S.W.3d at 836. Any allegations of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 813. Thus, a reviewing court will rarely be able to fairly evaluate the merits of an ineffective assistance claim on direct appeal because the record on direct appeal is not developed adequately to reflect the reasons for defense counsel's actions at trial. *Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007).

Here, we do not have an adequate record to review appellant's claim of ineffectiveness. *See id.*; *Thompson*, 9 S.W.3d at 813-15. Appellant must prove that there is no possible strategic reason for counsel's actions and trial counsel should be given the opportunity to explain his actions before being denounced as "ineffective." *Bone*, 77 S.W.3d at 836. The record before us is devoid of evidence from trial counsel himself and is "simply undeveloped and cannot adequately

reflect the failings of trial counsel." *Thompson*, 9 S.W.3d at 814 (citing *Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998)).

The record is silent as to why appellant's trial counsel did not file a plea to the jurisdiction. Therefore, appellant has failed to rebut the presumption that counsel's decisions were reasonable, and we overrule appellant's single issue. *Bone*, 77 S.W.3d at 833; *Thompson*, 9 S.W.3d at 813-14. We affirm the judgments of the trial court.


/David L. Bridges/
DAVID L. BRIDGES
JUSTICE


Do Not Publish
TEX. R. APP. P. 47
110858F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EDWARD ERIK GALVAN, Appellant

No. 05-11-00858-CR       V.

THE STATE OF TEXAS, Appellee

Appeal from the 194th Judicial District Court of Dallas County, Texas. (Tr.Ct.No. F07-73323-M).
Opinion delivered by Justice Bridges, Justices O'Neill and Murphy.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered February 27, 2013.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EDWARD ERIK GALVAN, Appellant

No. 05-11-00919-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the 194th Judicial District Court of Dallas County, Texas. (Tr.Ct.No. F10-56619-M).
Opinion delivered by Justice Bridges, Justices O'Neill and Murphy.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered February 27, 2013.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EDWARD ERIK GALVAN, Appellant

No. 05-11-00920-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 194th Judicial District Court of Dallas County, Texas. (Tr.Ct.No. F10-56620-M).
Opinion delivered by Justice Bridges, Justices O'Neill and Murphy.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered February 27, 2013.


/David L. Bridges/
DAVID L. BRIDGES
JUSTICE